IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICH AUREL, #317239        *
    Plaintiff
    v.                         *   CIVIL ACTION NO. ELH-17-3520

C. ZIES                    *
L. SIMPSON
R. RODERICK                *
B. COMACHIA
S. SHOCKEY                 *
M. BONNER
CASE MANAGEMENT IN NORTH   *
  BRANCH CORRECTIONAL INSTITUTION
    Defendants.            *
                                   ******

## **MEMORANDUM**

On November 27, 2017, the court received a prisoner civil rights action (ECF 1) and motion for leave to proceed in forma pauperis (ECF 2) filed by Mich Aurel,[1] an inmate confined at the North Branch Correctional Institution ("NBCI"). Aurel claims that for 1,095 days defendants have violated his "rights, privileges and immunities" by denying him legal copy work. As an example, he points to his need for four sets of 208 pages of copy work to file in court and contends he was only provided one copy of the materials. He alleges that he is not being provided the volume of photocopies he needs to be filed in court. Aurel also asserts that he has been denied access to the law library for a substantial period of time and contends that he is being denied sufficient copy work

---

[1] The Maryland Department of Public Safety and Correctional Services ("DPSCS") lists plaintiff as Mich Aurel on its "inmate locator" website. Although plaintiff was prosecuted as Aurel Mich in the Maryland courts, I will refer to him per the DPSCS designation of Mich Aurel.

and access due to his classification and race. ECF 1, pp. 2-5.[2] He seeks $10,000,000.00 in damages. *Id*. at 6.

This case represents one of thirty-seven actions Aurel has filed in this court over the past five years.[3] In three of those cases Aurel was granted leave to proceed in forma pauperis pursuant to the provisions of 28 U.S.C. § 1915(a). Those cases were dismissed as frivolous or for the failure

---

[2] All page citations refer to the electronic pagination that appears through CM/ECF.

[3] In addition to this action, Aurel has filed thirty-six cases in this court, all but four of which have been assigned to me. They are *Aurel v. United States.*, Civil Action No. JKB-11-1297 (D. Md.); *Aurel v. Wexford*, Civil Action No. ELH-13-3721 (D. Md.); *Aurel v. Jefferson, et al.*, Civil Action No. ELH-14-352 (D. Md.); *Aurel v. Shearin, et al.*, Civil Action No. ELH-14-374 (D. Md.); *Aurel v. Jessup Correctional Institution Mail Room,* Civil Action No. ELH-14-958 (D. Md.); *Mich v. Nice, et al*., Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, ELH-14-3036 (D. Md.); *Mich v. Yacenech, et al.*, Civil Action No. JKB-14-1473 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-15-1797 (D. Md.); *Aurel v. Pennington, et al.,* Civil Action No. JKB-14-1859 (D. Md.); *Aurel v. Mail Room at North Branch Correctional Institution, et al*., ELH-14-2813 (D. Md.); *Aurel v. Warden*, ELH-15-258 (D. Md.); *Aurel v. Warden*, ELH-15-1127 (D. Md.); *Aurel v. Warden.*, ELH-15-1128 (D. Md.); *Aurel v. Miller, et al.*, ELH-15-1422 (D. Md.); *Aurel v. Kammauf, et al.*, ELH-15-1581 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); *Aurel v. Twigg*, ELH-15-1920 (D. Md.); *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.); *Aurel v. Rose.*, ELH-15-2604 (D. Md.); *Aurel v. Thrasher*, ELH-15-3142 (D. Md.); *Aurel v. Sawyers, et al*., Civil Action No. ELH-16-280 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-850 (D. Md.); *Aurel v. North Branch Correctional Institution, et al.*, Civil Action No. ELH-16-851 (D. Md.); *Aurel v. Wexford Health Sources, et al.*, Civil Action No. ELH-16-1293 (D. Md.); *Aurel v. Warden*, Civil Action No. ELH-16-1494 (D. Md.); *Aurel v. Nines*, Civil Action No. ELH-16-1839 (D. Md.); *Aurel v. Fornay, et al*., Civil Action No. ELH-16-2941 (D. Md.); *Aurel v. Nines, et al.*, Civil Action No. ELH-16-2942 (D. Md.); *Aurel v. Bohrer*, Civil Action No. ELH-16-3858; *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-335 (D. Md.); *Aurel v. Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-336 (D. Md.); *Aurel v. Wexford, et al.*, Civil Action No. ELH-17-1201 (D. Md.); *Aurel v. United States of America/Maryland State*, Civil Action No. ELH-17-1230 (D. Md.): *Aurel v. United States of America, et al.*, Civil Action No. ELH-17-2158 (D. Md.); *Aurel v. Kammauf, et al.*, Civil Action No. ELH-17-3137 (D. Md.); *Aurel v. Hammons, et al.*, Civil Action No. ELH-17-3138 (D. Md.).

to state a claim. Aurel was notified that the dismissals constituted "strikes" under § 1915(e),[4] and that a prisoner is not allowed to bring a civil action under the provisions of 28 U.S.C. § 1915 if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[5]

Because Aurel has had three cases previously dismissed under 28 U.S.C. § 1915(g), he may not procced in this action unless he (1) submits the full $400.00 civil filing fee or (2) moves to proceed in forma pauperis and provides particularized factual allegations establishing that he is subject to imminent danger of serious physical injury. Aurel does not allege that he faces imminent danger of serious physical injury at the time he filed his complaint, and there is no plausible basis for concluding such a danger existed. *See Sayre v. King*, 2014 WL 4414509, * 3 (N.D. W.Va. 2014) (prisoner's claim that he was denied access to all of his legal materials does not rise to the level of imminent danger of serious physical injury satisfying § 1915(g) exception).

---

[4] *See Mich v. Nice, et al.*, Civil Action No. JKB-14-1397 (D. Md.); *Aurel v. Gainer, et al.*, ELH-15-1750 (D. Md.); and *Aurel v. Jones, et al.*, ELH-15-1928 (D. Md.).

[5] Specifically, §1915(g) mandates:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Notably, this court has recently permitted Aurel to proceed with a suit against Wexford Health Sources, Inc. and others. *See Aurel v. The Staff of Wexford Health Sources, Inc., et al.*, Civil Action No. ELH-17-1201. In that case, the court granted Aurel leave to proceed in forma pauperis. However, the allegations raised here do not overcome the bar of 1915(g).

Aurel is again cautioned that any future civil rights actions in this court, they must be accompanied by the civil filing fee, unless they contain substantive allegations that Aurel is in imminent danger of serious physical harm.

Accordingly, Aurel's motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed, without prejudice, by separate Order.


Date: December 6, 2017  _____/s/_____
Ellen L. Hollander
United States District Judge